IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

ERIC PEAGLER,
   PETITIONER,

Vs.

                          CASE NO:2:02CR00016-005

UNITED STATES OF AMERICA,
UNITED STATES PROBATION OFFICE,
   RESPONDENTS.
_____/

MOTION TO CORRECT THE INACCURACY IN PRESENTENCE INVESTIGATION REPORT PURSUANT TO PRIVACY ACT CLAIM UNDER SECTION 552a(e)(5) and (g)(1)(c) SEE <u>SELLERS V BUREAU OF PRISONS</u>, 959 F2D 307(D.C 1992).

---

Come's now the petitioner, Eric Peagler, pro se respectfully submits this motion to correct the inaccuracy in presentence investigation report pursuant to privacy act claim under section 552a(e)(5) and (g)(1)(c). see <u>Haines v Kerner</u>, 404 U.S. 519(1972) and <u>Sellers v Bureau of Prisons</u>, 959 F2d 307(D.C.1992).

JURISDICTION

A petitioner can filed directly to the Court thats responsible for his claim when the exhaustion of administrative remedies would be a patently futile course of action. Nevertheless, the petitioner has sought through administrative remedy to have this matter of inaccurate information in his P.S.I. corrected and brought to the U.S. Probation office and District Court attention pursuant to program statement 5800.11.

P.S. 5800.11 states that when an inmate provides such information of inaccuracy, staff shall review the alleged error(s) and take reasonable steps to ensure the information is corrected. See exhibit A (P.S. 5800.11).

Each time the petitioner has presented this matter to staff he was told to contact the Court which his P.S.I was written concerning the discrepancy. See Exhibit B & C (response from staff concerning inaccurate information in petitioner P.S.I.) See Sellers v Bureau Of Prisons, 959 F2d 307(D.C. 1992).

The Bureau Of Prisons is using inaccurate information contained in petitioner P.S.I. to adversly affect determinations regarding petitioner custody and security classification and transfer to Camp. Petitioner is unable to benefit from any of the rehabilitation programs offered due to this inaccurate information. An agency do not satisfy (e)(5) and (g)(1)(c) simply by noting that petitioner disputes the information in his prison files.

The agency, which in said case is BOP, is relying on information and charges in petitioner P.S.I. which has been dismissed, expunged and removed from all Court files and records in violation of section (e)(5), (g)(1)(c) and (g)(4) of the privacy act by using the incorrect information in determinations adverse to him. Unless the Court issue an order or add an addendum to petitioner files stating not to use such information, the agency, BOP will continue to use said inaccurate information adversly against the petitioner.

(2)

The charges referred to were State of Alabama charges of kidnaping, attempted murder, and trafficking cannabis. These charges was dismissed, expunged and removed from all Court files and should not be used against petitioner in an adverse manner. See Exhibit D and E(Court docket sheet and State order).

The Bureau Of Prisons willfully and intentionally failed to maintained petitioner records in accordance with the privacy act(Act). Instead, is, using the report/files to deny petitioner benefits and making decisions adverse to him. When the petitioner requested reason for his denial he received a response from the Warden Mr.Bruce Pearson indicating the denial was due to the charges listed in petitioner P.S.I. for kidnaping, attempted murder and trafficking cannabis. See Exhibit F(Warden Response).

Section 552a(e)(5) of the privacy act(ACT) provides that each agency (BOP) that keeps a system of records must maintain all records with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination. 5 U.S.C. § 552a(e)(5). Section 552a(g) of the Act provides civil remedies for violation of 5 U.S.C.§ 552a(e)(5). In particular, § 552(g)(1)(c) permits a civil action if an agency fails to maintain any record concerning an individual and consequently a determination is made which is adverse to the individual. The P.S.I., however, cannot just include statements in the hope of converting such statements into reliable evidence.

Therefore, petitioner respectfully pray that this Honorable Court issue an order and add an addendum to be placed in the petitioner P.S.I. files stating and requesting to the Bureau Of Prisons not to use said charges which has been dismissed, expunged and removed from all Court files and records and the charges should absolutely not be used adversly against the petitioner.

PETITIONER

ERIC PEAGLER 07403-002
FCC(LOW)
P.O. BOX 5000 UNIT 2BL
YAZOO CITY, MS 39194

CERTIFICATE OF SERVICE

I, Eric Peagler certify that a true and correct copy of the foregoing motion to correct P.S.I. has been forward to the U.S. Attorney's Office at One Court Square Room 201 Montgomery, Al 36104 and the U.S. Probation Office at 15 Lee Street Montgomery, AL 36104 on this 30 day of June 2009.

PETITIONER

ERIC PEAGLER 07403-002
FCC(LOW)
P.O. BOX 5000 UNIT 2BL
YAZOO CITY, MS 39194